UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| STEVEN LEONARD HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV417-100 |
| ) | |
| CYNTHIA GROOVER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On July 20, 2017, the Georgia Court of Appeals granted Steven Leonard Hunt leave to appeal from his aggravated assault conviction. *State v. Hunt*, No. CR151688 (Chatham Cty. Super. Ct. Oct. 7, 2015) (docket attached); *Hunt v. State*, No. A17D0550 (July 20, 2017) (copy attached). Prior to that, he filed the instant 42 U.S.C. § 1983 case to complain about two state court clerks who allegedly forged the *Hunt* indictment and impeded his direct appeal to further his "illegal arrest." CV417-100, docs. 1 & 6 (original and amended Complaint); *see also* doc. 1 at 17 (insisting that he's now "forced to defend [him]self against charges never found by the Grand Jury."). Hunt seeks $1,000,000 from those

clerks for "conspiring to conceal the [fact that] plaintiff has never been indicted and concealing dockets needed for appeal." *Id.*

Hunt also has sought records from the Savannah, Georgia police on that score, but they have stonewalled him -- all part of a plan, he says, to conceal the fact that a detective never appeared before the Grand Jury that indicted him (this, in turn, also invalidates his indictment). Doc. 6 at 7. He wants another $1,000,000 from that department for denying his Georgia Open Records Act Request, O.C.G.A. § 50-14-1(b)(1) ("ORA"). *Id.*

Upon preliminary review,[1] Hunt's Complaint fails. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). While Hunt does not explicitly seek relief from his state court conviction -- only money damages -- his conviction's validity will be implicated if he prevails on his indictment claims. He thus would impermissibly exploit

---

[1] Hunt is an inmate proceeding *pro se* and *in forma pauperis* (docs. 2-5), so the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a plausible claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief).

§ 1983 to end-run habeas corpus exhaustion requirements. As the Supreme Court has said: "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994).

Hence, this Court must inquire "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his [confinement]." *Heck,* 512 U.S. at 487; *see also Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997) (extending *Heck* to prisoner's claims for declaratory relief, injunctive relief, and damages resulting from alleged unlawful loss of prison good time). Consequently, "the court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." *Hughes v. Lott*, 350 F.3d 1157, 1161 n. 2 (11th Cir. 2003) (citing *Heck*, 512 U.S. at 487 n. 6)).

Hunt does not allege that his aggravated assault conviction has been vacated. Indeed, the Court has independently located the above-

3

cited, active appeal -- he is still challenging it. And it's obvious that if he proved his indictment was fraudulently obtained, it would invalidate his conviction -- even if he now seeks only money damages in doing so. Accordingly, Hunt's "sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

All habeas petitioners, for that matter, must first exhaust state court remedies. *Wilkinson*, 544 U.S. at 79 ("[H]abeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not."); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (exhaustion requirement codified in § 2254(b) applies to all habeas corpus actions, including § 2241 petitions); *Thomas v. Crosby*, 372 F.3d 782, 786 (11th Cir. 2004) (Tjoflat, J., concurring). If Hunt wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Any such petition, however, would be subject to immediate dismissal for failure to exhaust available state remedies.

Hunt raises his ORA claim against the local police department, but that's not an entity capable of being sued. *Smith v. Savannah Metro Police Dep't,* 2016 WL 4492821 at *3 (S.D. Ga. Aug. 25, 2016); *Johnson v. Savannah Chatham Metropolitan Police Dept.*, 2010 WL 4790911 at * 2

(S.D. Ga. Oct. 19, 2010) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). Even if he identified a viable defendant, it's still a state law claim for which he pleads no diversity of citizenship between the parties, thus leaving federal question jurisdiction (triggered by his § 1983 claim) as his jurisdictional peg, 28 U.S.C. § 1331. *See Peterson v. Ramirez*, 428 F. App'x 908, 909 (11th Cir. 2011). Supplemental jurisdiction per 28 U.S.C. § 1367 could be invoked to reach it, but Hunt's § 1983 claim is barred. Judicial discretion would thus be best exercised by dismissing the ORA claim so Hunt can pursue it in State court. *See Flemming v. Morris*, 2008 WL 2442184 at * 5 (M.D. Ga. June 13, 2008).

Hunt's Complaint must be **DISMISSED WITH PREJUDICE**, with no re-pleading option warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir.2013) ("[D]istrict court did not err in denying Dysart''s request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no

amendment could have overcome the defendants' immunity). This case should also be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Hunt to pay his filing fee. His furnished account information shows that he has had $800 in his jail account during the past six months. Doc. 4. He therefore owes a $160 partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His custodian (or designee) therefore shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The

balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 27th day of July, 2017.

*/s/ G.R. Smith*

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# Court of Appeals
# of the State of Georgia

ATLANTA, July 20, 2017

The Court of Appeals hereby passes the following order

**A17D0550. STEVEN LEONARD HUNT v. THE STATE .**

Upon consideration of the Application for Discretionary Appeal, it is ordered that it be hereby GRANTED. The Appellant may file a Notice of Appeal within 10 days of the date of this order. The Clerk of Superior Court is directed to include a copy of this order in the record transmitted to the Court of Appeals.

LC NUMBERS:

CR150129 CR151688



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta, July 20, 2017.

    I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

    Witness my signature and the seal of said court hereto affixed the day and year last above written.

*Stephen E. Castlen*, Clerk.



| Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees |

July 24, 2017   Location: **Case Details**   Search...

 CASE LOOKUP

 COURT FORMS

COURT FEES

MAP & DIRECTIONS

JURY SERVICES

SITE SEARCH

# Case Details

State
VS.
HUNT, STEVEN LEONARD

- Case Events
- Charges
- Parties
- Proceedings

### Case Information
| | |
|---|---|
| Court: | Superior |
| Case Number: | CR151688 |
| Case Type: | AGGRAVATED ASSAULT |
| Judge: | HONORABLE JAMES BASS |
| Assistant District Attorney: | EMILY PUHALA |
| Date Filed: | 7/29/2015 |
| Status: | CLOSED - JURY GUILTY |
| Disposition Date: | 10/7/2015 |
| Disposition: | JURY GUILTY |

### Defendant Information
| | |
|---|---|
| Name: | HUNT, STEVEN LEONARD |
| DIN: | X0037842 |
| Gender: | MALE |
| Race: | WHITE |
| Height: | 71 |
| Weight: | 180 |
| Eyes: | HAZEL |
| Hair: | BROWN |

### Attorney Information
N/A

### Bondsman Information
N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 8/22/2017 | 09:30AM | MOTION HEARING (MTH) | JAMES BASS | CANCELLED EVENT - CL |
| 10/19/2016 10:48:59 AM | 10:48AM | TRANSCRIPT RECEIVED | | |
| 9/9/2016 10:50:42 AM | 10:50AM | TRANSCRIPT RECEIVED | | |
| 8/22/2016 | 3:00PM | MOTION HEARING (MTH) | JAMES BASS | CANCELLED EVENT - CL |
| 6/7/2016 9:52:50 AM | 09:52AM | TRANSCRIPT RECEIVED | | |
| 5/17/2016 | 1:30PM | MOTION HEARING (MTH) | JAMES BASS | |
| 5/17/2016 | 11:00AM | MOTION HEARING (MTH) | JAMES BASS | RESCHEDULE EVENT |
| 5/16/2016 | 3:00PM | MOTION HEARING (MTH) | JAMES BASS | CONTINUED |
| 4/22/2016 2:12:05 PM | 2:12PM | TRANSCRIPT RECEIVED | | |
| 4/22/2016 10:16:10 AM | 10:16AM | TRANSCRIPT RECEIVED | | |
| 2/29/2016 | 3:00PM | MOTION HEARING (MTH) | JAMES BASS | RESCHEDULE EVENT |
| 1/11/2016 | 3:00PM | MOTION HEARING (MTH) | JAMES BASS | RESCHEDULE EVENT |
| 12/8/2015 1:37:47 PM | 1:37PM | TRANSCRIPT RECEIVED | | |
| 12/3/2015 2:23:54 PM | 2:23PM | TRANSCRIPT RECEIVED | | |
| 11/9/2015 4:00:52 PM | 4:00PM | TRANSCRIPT RECEIVED | | |
| 9/30/2015 | 11:00AM | JURY TRIAL | JAMES BASS | |
| 9/28/2015 | 3:15PM | MOTION HEARING (MTH) | JAMES BASS | |
| 9/28/2015 | 10:30AM | JURY TRIAL | JAMES BASS | |
| 9/17/2015 | 11:00AM | ARRAIGN/TRIAL DOCKET CALL | JAMES BASS | |
| 8/17/2015 | 10:30AM | JURY TRIAL | JAMES BASS | RESCHEDULE EVENT |
| 8/13/2015 | 3:00PM | MOTION HEARING (MTH) | JAMES BASS | |
| 8/6/2015 | 11:00AM | ARRAIGN/TRIAL DOCKET CALL | JAMES BASS | |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| (FVA)16-5-21 | (Family Violence Act) Aggravated Assault | 1 | FELONY | 1/22/2015 | Not Guilty 10/2/2015 |
| (FVA)16-5-21 | (Family Violence Act) Aggravated Assault | 1 | FELONY | 1/22/2015 | Guilty 10/2/2015 |
| **Sentencing Details:** | **Description** | | **Fine** | **Duration** | |
| | CONCURRENT TO COUNT 1 | | $0.00 | 20 Years-PRISON | |
| 16-5-41 | FALSE IMPRISONMENT | 1 | FELONY | 1/22/2015 | Not Guilty 10/2/2015 |
| 16-10-93 | INFLUENCING WITNESSES | 1 | FELONY | 7/29/2015 | Guilty 10/2/2015 |
| **Sentencing Details:** | **Description** | | **Fine** | **Duration** | |
| | CONCURRENT TO COUNT 1 | | $0.00 | 5 Years-PRISON | |
| (FVA)16-5-20 | (Family Violence Act) SIMPLE ASSAULT | 1 | MISDEMEANOR | 7/29/2015 | Guilty 10/2/2015 |
| **Sentencing Details:** | **Description** | | **Fine** | **Duration** | |
| | CONCURRENT TO COUNT 1 | | $0.00 | 12 Months-PRISON | |
| (FVA)16-5-23.1 | (Family Violence Act) BATTERY | 1 | MISDEMEANOR | 7/29/2015 | Not Guilty 10/2/2015 |
| 16-8-2 | THEFT BY TAKING | 1 | FELONY | 7/29/2015 | Guilty 10/2/2015 |
| **Sentencing Details:** | **Description** | | **Fine** | **Duration** | |
| | CONSECUTIVE TO COUNT 1 | | $0.00 | 5 Years-PRISON | |
| 16-10-93 | INFLUENCING WITNESSES | 1 | FELONY | 7/29/2015 | Guilty 10/2/2015 |
| **Sentencing Details:** | **Description** | | **Fine** | **Duration** | |
| | CONSECUTIVE TO COUNT 1 | | $0.00 | 5 Years-PRISON | |
| (FVA)16-5-21 | (Family Violence Act) Aggravated Assault | 1 | FELONY | 1/22/2015 | Guilty 10/2/2015 |
| **Sentencing Details:** | **Description** | | **Fine** | **Duration** | |
| | | | $0.00 | 20 Years-PRISON | |

[Return to Top]

### Proceedings

| Date | Time | Type | Status | Judge | Notes |
|---|---|---|---|---|---|
| 8/22/2017 | 09:30AM | MOTION HEARING (MTH) | CANCELLED EVENT - CL | JAMES BASS | |
| 7/18/2017 | | PRO SE LETTER RECEIVED | | | |
| 7/11/2017 | | PRO SE LETTER RECEIVED | | | |
| 6/8/2017 | | ORDER | | | THE COURT NO LONGER HAS JURISDICTION TO RULE ON DEF"S MTNS/DECLINES TO RULE ON DEF"S PRO SE MTNS/ |
| 5/19/2017 | | PRO SE MOTION | | JAMES BASS | MTN FOR CONTINUANCE/ |
| 5/10/2017 | | APPEAL INDEX | | | |
| 5/5/2017 | | ENTRY OF APPEARANCE | | | FILED BY ADA PUHALA/ |
| 5/3/2017 | | PRO SE MOTION | | | MTN FOR FULL AND FAIR REVIEW OF COURT ERROR/ |
| 5/1/2017 | | ORDER | | | GRANTING PLANTIFF"S REQUEST TO PROCEED IN FORMA PAUPERIS TO THE APPELLATE LEVEL/ |
| 4/20/2017 | | PRO SE MOTION | | | NOTICE OF APPEAL/ |
| 4/6/2017 | | ORDER | | | DEF"S MTN FOR OUT OF TIME APPEAL - GRANTED/ |
| 3/27/2017 | | PRO SE MOTION | GRANTED | JAMES BASS | MTN TO DOCKET AND HEAR APPEALLANTS CASE/ |
| 2/24/2017 | | PRO SE LETTER RECEIVED | | | |
| 1/24/2017 | | ORDER | | | ON DEFENDANT"S PRO SE MOTION - DENIED/ |
| 1/9/2017 | | PRO SE MOTION | DENIED | | MOTION FOR COURT TO RULE ON MOTION FOR CD"S ENTERED AT TRIAL TO BE TRANSCRIBED AND COMPEL CLERK OF SUPERIOR COURT TO LIST DEFENDANT"S NOTICE OF APPEAL AND FORWARD HIS CASE TO THE COURT OF APPEALS OF GEORGIA/ |
| 12/14/2016 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 12/12/2016 | | PRO SE LETTER RECEIVED | | | |

| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 12/6/2016 | | DEFENDANTS REQUEST | | | |
| 11/28/2016 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 11/21/2016 | | PRO SE LETTER RECEIVED | | | COURT REPORTERS RESPONSE |
| 11/21/2016 | | PRO SE LETTER RECEIVED | | | COURT REPORTERS RESPONSE |
| 11/18/2016 | | PRO SE MOTION | | | |
| 11/8/2016 | | ORDER | | | ORDER ON DEFENDANTS PROSE MOTIONS/ |
| 10/19/2016 10:48:59 AM | 10:48AM | TRANSCRIPT RECEIVED | | | 10-17-16 LETTER FROM DEF TO COURT REPORTER; 10-19-16 LETTER FROM COURT REPORTER TO DEF |
| 10/19/2016 | | ORDER | | | MOTON FOR OUT OF TIME APPEAL-GRANTED/ |
| 10/13/2016 | | PRO SE MOTION | GRANTED | | MOTION FOR COURT TO GRANT A OUT OF TIME APPEAL-GRANTED/MOTION TO SET ASIDE JUDGMENT ON MOTION FOR NEW TRIAL/ |
| 10/4/2016 | | NOTICE OF APPEAL | | JAMES BASS | FILE PRO SE/ |
| 10/3/2016 | | PRO SE MOTION | DENIED | | MTN FOR DEF ENTIRE GRAND JURY PANEL TO RECONVENE INCLUDING FOREPERSON/ |
| 9/9/2016 10:50:42 AM | 10:50AM | TRANSCRIPT RECEIVED | | | 01-11-16 MOTION HEARING, JUDGE BASS PRESIDING |
| 8/22/2016 | 3:00PM | MOTION HEARING (MTH) | CANCELLED EVENT - CL | JAMES BASS | |
| 8/12/2016 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 8/12/2016 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 7/13/2016 | | ORDER | | | ORDER ON DEFENDANTS MOTION FOR NEW TRIAL-DENIED/ |
| 7/7/2016 | | MOTION - PRO SE MOTION | DENIED | | MOTION FOR HEARING TO HAVE ADAM BRIMMER AND MARILYN SOLANA APPEAR BEFORE THE COURT/MOTION TO HAVE ENTIRE TRANSCRIPT RETRANSCRIBED BY SOMEONE OUTSIDE THE CHATHAM COUNTY COURTHOUSE/ |
| 6/7/2016 9:52:50 AM | 09:52AM | TRANSCRIPT RECEIVED | | | 05/16-17/16 MOTION HEARING, JUDGE BASS PRESIDING |
| 5/17/2016 | 1:30PM | MOTION HEARING (MTH) | | JAMES BASS | |
| 5/17/2016 | 11:00AM | MOTION HEARING (MTH) | RESCHEDULE EVENT | JAMES BASS | |
| 5/16/2016 | 3:00PM | MOTION HEARING (MTH) | CONTINUED | JAMES BASS | |
| 5/4/2016 | | MOTION/ORDER FOR PRODUCTION OF STATE PRISONER | | | |
| 5/3/2016 | | STATES RESPONSE TO DEFENDANTS MOTION FOR NEW TRIAL | | | AND BRIEF/ |
| 4/22/2016 2:12:05 PM | 2:12PM | TRANSCRIPT RECEIVED | | | 09/30-10/03-2015 JURY TRIAL MASTER INDEX, JUDGE BASS PRESIDING |
| 4/22/2016 10:16:10 AM | 10:16AM | TRANSCRIPT RECEIVED | | | 09-30-15 - 10-03-15 JURY TRIAL, VOLUME 2, JUDGE BASS PRESIDING |
| 3/18/2016 | | CERTIFIED MAIL RECEIPT | | | |
| 3/8/2016 | | RESPONSE FROM OFFICE OF CLERK | | | |

| Date | Time | Event | Result | Judge | Notes |
|---|---|---|---|---|---|
| | | OF SUP CT | | | |
| 3/3/2016 | | NOTICE OF APPEAL | | | |
| 2/29/2016 | 3:00PM | MOTION HEARING (MTH) | RESCHEDULE EVENT | JAMES BASS | |
| 2/25/2016 | | ORDER | | | ORDER ON STATES MOTION FOR CONTINUANCE-GRANTED/ |
| 2/22/2016 | | MOTION - FOR CONTINUANCE | GRANTED | | STATES/ |
| 2/17/2016 | | RESPONSE FROM OFFICE OF CLERK OF SUP CT | | | |
| 1/25/2016 | | CERTIFICATE OF SERVICE | | | |
| 1/25/2016 | | PRO SE LETTER RECEIVED | | | LETTER FOR ORDER/ |
| 1/25/2016 | | BRIEF | | | MOTION FOR NEW TRIAL BRIEF STATMENT OF FACTS/ |
| 1/25/2016 | | AMENDED MOTION | DENIED | | AMENMENT TO MOTION FOR NEW TRIAL/ |
| 1/25/2016 | | AMENDMENT TO MOTION | DENIED | | AMENMENT TO MOTION FOR NEW TRIAL/ |
| 1/25/2016 | | SUBPOENA DUCES TECUM | | | ADAM VAN BRIMMER/CRYSTAL FITZHUGH/ |
| 1/11/2016 | | DEFENDANTS DISCOVERY DISCLOSURE | | | PLEADINGS FILED IN OPEN COURT BY DEFENDANT/ |
| 1/11/2016 | 3:00PM | MOTION HEARING (MTH) | RESCHEDULE EVENT | JAMES BASS | |
| 1/7/2016 | | SUBPOENA | | | ADAM VAN CRIMMER/CRYSTAL FITZHUGH/ |
| 1/7/2016 | | MOTION - PRO SE MOTION | DENIED | | AMENDED MOTION FOR NEW TRIAL/ |
| 1/5/2016 | | AMENDED MOTION | DENIED | | AMENDMENT TO MOTION FOR NEW TRIAL/ |
| 1/5/2016 | | MOTION - PRO SE MOTION | DENIED | | MOTION TO CORRECT SENTENCING ORDER/ |
| 12/23/2015 | | MOTION - PRO SE MOTION | GRANTED | | MOTION REQUESTING DETERMINATION AS TO DEFS REQUEST TO REPRESENT HIMSELF ON APPEAL/ |
| 12/17/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 12/17/2015 | | AMENDED SENTENCE | | | |
| 12/15/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 12/14/2015 | | MOTION - TO WITHDRAW ATTY | GRANTED | | PROSE MOTION TO REMOVE STEVEN SPARGER FROM CASE IMMEDIATELY/ |
| 12/14/2015 | | NOTICE - OF INTENT | | | PROSE NOTICE OF INTENT TO APPEAL/ |
| 12/8/2015 1:37:47 PM | 1:37PM | TRANSCRIPT RECEIVED | | | 09-28-15 MOTION HEARING, JUDGE BASS PRESIDING |
| 12/8/2015 | | ENTRY OF APPEARANCE | | | ATTY STEVEN SPARGER/ |
| 12/3/2015 2:23:54 PM | 2:23PM | TRANSCRIPT RECEIVED | | | 09-30-15 - 10-03-15 JURY TRIAL, VOLUME 1, JUDGE BASS PRESIDING |
| 11/9/2015 4:00:52 PM | 4:00PM | TRANSCRIPT RECEIVED | | | 08-13-15 MOTION HEARING, JUDGE BASS PRESIDING |
| 11/2/2015 | | MOTION - NEW TRIAL | DENIED | | PROSE/ |
| 10/30/2015 | | MOTION - NEW TRIAL | DENIED | | PROSE/ |
| 10/7/2015 | | CASE DISPOSED | GUILTY | JAMES BASS | CASE DISPOSED GT |
| 10/7/2015 | | SENTENCE ORDER | | | |

| Date | Time | Event | Result | Judge | Notes |
|---|---|---|---|---|---|
| 10/6/2015 | | MOTION - NEW TRIAL | DENIED | | |
| 10/2/2015 | | STATEMENT OF APPEAL | | | |
| 10/2/2015 | | VERDICT | | | |
| 10/1/2015 | | DEFENDANT"S REQUEST TO CHARGE | | | |
| 10/1/2015 | | EXHIBIT & WITNESS LIST | | | |
| 9/30/2015 | 11:00AM | JURY TRIAL | | JAMES BASS | |
| 9/28/2015 | 3:15PM | MOTION HEARING (MTH) | | JAMES BASS | |
| 9/28/2015 | 10:30AM | JURY TRIAL | | JAMES BASS | |
| 9/22/2015 | | MOTION - IN LIMINE | | | MOTION IN LIMINE REGARDING "SOME OTHER DUDE DID IT" DEFENSE/ |
| 9/22/2015 | | MOTION - IN LIMINE | VERDICT | | |
| 9/21/2015 | | SPECIAL DEMURRER | | | |
| 9/17/2015 | 11:00AM | ARRAIGN/TRIAL DOCKET CALL | | JAMES BASS | |
| 8/26/2015 | | MOTION - PRO SE MOTION | VERDICT | | MOTION TO CORRECT OMNIBUS ORDER/MOTION FOR STATE TO DISCLOSE THE JUDGE COURTROOM/MOTION TO DISMISS INDICTMENT/MOTION FOR PRELIMINARY HEARING-PROBABLE CAUSE HEARING/ |
| 8/26/2015 | | PRO SE LETTER RECEIVED | | | FOR AN ORDER FOR CHATHAM CTY JAIL TO ALLOW DEF TO LISTEN TO DC"S/ |
| 8/26/2015 | | LIST OF WITNESSES | | | |
| 8/21/2015 | | STATES SUPPLEMENTAL DISCOVERY | | | |
| 8/17/2015 | | ORDER | | | OMNIBUS ORDER/ |
| 8/17/2015 | 10:30AM | JURY TRIAL | RESCHEDULE EVENT | JAMES BASS | |
| 8/13/2015 | 3:00PM | MOTION HEARING (MTH) | | JAMES BASS | |
| 8/7/2015 | | BENCH WARRANT SERVED | | | EXECUTED 8-5-15/ |
| 8/7/2015 | | STATES SUPPLEMENTAL DISCOVERY | | | AND STATE"S NOTICE OF SERVICE OF ELECTRONIC DISCOVERY TO CCDC/ |
| 8/6/2015 | 11:00AM | ARRAIGN/TRIAL DOCKET CALL | | JAMES BASS | |
| 8/4/2015 | | LIST OF WITNESSES | | | STATE"S/ |
| 8/4/2015 | | NOTICE | | | NOTICE OF RE-INDICTMENT/ |
| 8/4/2015 | | BENCH WARRANT FILED | | | |
| 7/31/2015 10:26:00 AM | | SCN | | | INITIAL CASE SCREENING / SCANNING |
| 7/29/2015 | | INDICTMENT | | | |

[Return to Top]

Home Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court Court Forms | Court Fees

© Copyright 2012 - Chatham County Courts

http://www.chathamcourts.org/Case-Details/caseno/CR151688 5/5